**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHROME HEARTS LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>BIJORA, INC. DBA AKIRA, an Illinois Corporation; and DOES 1-10 inclusive,<br><br>Defendants. | Civil Action No. 26-cv-08036<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>**1. TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT**<br>**2. FALSE DESIGNATION OF ORIGIN AND FALSE DESCRIPTIONS**<br>**3. COMMON LAW UNFAIR COMPETITION**<br>**4. COMMON LAW TRADEMARK INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Chrome Hearts LLC ("Chrome Hearts" or "Plaintiff") for its claims against Defendants Bijora, Inc. dba Akira and DOES 1-10 inclusive ("Defendants") alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff files this action against Defendants for trademark infringement and false designation of origin under the Lanham Trademark Act of 1946, 15 U.S.C. § 1051 et seq. (the "Lanham Act"), and related claims of trademark infringement and unfair competition under the common law of the State of New York.

2. This Court has subject matter jurisdiction over Plaintiff's Lanham Act claims under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a), and supplemental jurisdiction over Plaintiff's state and common law claims pursuant

to 28 U.S.C. § 1367(a), because those claims are so related to Plaintiff's federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. This Court has personal jurisdiction over Defendants because Defendants committed an intentional act by offering for sale and/or selling products which infringe upon Plaintiff's intellectual property as more fully described below. The alleged infringing conduct was expressly aimed at the state of New York and its consumers, partly because Defendants operate an interactive website where the infringing products can be purchased from and shipped to this State, and Defendants sell the infringing products in its retail stores in this State. Defendants also advertise and market such products to consumers in this State, causing monetary and reputational harm to Plaintiff that Defendants know is likely to be suffered in this State because Defendants know that Plaintiff operates retail stores in this State and sells to New York consumers.

4. Venue is proper under 28 U.S.C. §§ 1391 (b)-(c) because a substantial part of the events or omissions giving rise to the claims alleged occurred in this judicial district and the Court has personal jurisdiction over Defendants.

## THE PARTIES

5. Plaintiff Chrome Hearts is a limited liability company organized and existing under the laws of the state of Delaware, with an office and principal place of business located at 915 North Mansfield Avenue, Los Angeles, California 90038.

6. Upon information and belief, Bijora, Inc. dba Akira ("Akira") is a corporation organized and existing under the laws of Illinois, with a registered office located at 200 N. Fairfield Ave., Chicago, Illinois 60612.

7. Upon information and belief, Akira owns, operates and/or control the Akira website at www.shopakira.com.

8. Plaintiff is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sue them by their fictitious names. Plaintiff will seek leave to amend this complaint when their true names and capacities are ascertained. Plaintiff is informed and believes, and based thereon alleges, that said Defendant and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

9. Plaintiff is informed and believes, and based thereon alleges, that at all relevant times herein, Defendant and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Plaintiff further alleges that Defendant and DOES 1 through 10, inclusive, have a non-delegable duty to prevent and/or remedy such acts and the behavior described herein, which duty Defendant and DOES 1 through 10, inclusive, failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A. The Chrome Hearts Brand and its Marks

10. Chrome Hearts is an American luxury brand that has been designing, manufacturing, and selling artistically styled leather goods, apparel, jewelry, and accessories since 1988.

11. Chrome Hearts sells a wide variety of quality artistic products, including leather pants, leather jackets, leather vests, sterling silver jewelry, including necklaces, bracelets, rings and wallet chains, belt buckles, fabric

apparel, bags and a wide collection of other products, including furniture, eyewear, and crystal ware.

12. Chrome Hearts® products are sold in the exclusive Chrome Hearts stores throughout the world, on its official website www.chromehearts.com, and in select specialty stores, such as Selfridges in London, and the United Arrows and Dover Street Market Ginza boutiques in Japan.

13. Chrome Hearts® products are also advertised and promoted through Chrome Hearts' Instagram account, @chromeheartsofficial, which has 2.9 million followers.

14. Chrome Hearts is known for combining the look of rugged apparel with fashion attire to make fashion apparel and accessories. All of Chrome Hearts' leather products are adorned with sterling silver hardware, including all of the buttons and ornamental pieces. Chrome Hearts is also known for using suede inlay designs in connection with leather clothing.

15. Entertainers, such as Madonna, Drake, Arnold Schwarzenegger, Rihanna, Cher, Kate Hudson, LeBron James, NFL Player Caleb Williams and Billie Eilish can all be seen in Chrome Hearts' fashions.

16. In 1992, the Council of Fashion Designers of America ("CFDA") presented Chrome Hearts with an unsolicited award as designer of the year for its innovative accessories and jewelry designs. In 1999, Chrome Hearts was featured in the "Rock Style" exhibit at the Costume Institute of the Metropolitan Museum of Art. In 2022, the CFDA awarded Chrome Hearts the Geoffrey Beene Lifetime Achievement Award, an award that recognizes outstanding designers and their contributions made to American fashion.

17. Most of Chrome Hearts® products, including clothing, denim, and jewelry, are handmade in Los Angeles by Chrome Hearts' craftsmen. The level of expert workmanship exercised by these individuals is superior, meticulous,

extremely detailed, and conforms with the strict standards established by Chrome Hearts.

18. Chrome Hearts® products have been praised and recognized in numerous articles appearing in both trade publications and publications directed to the general public around the world, including articles in the United States, Germany, Japan and France. These articles have acclaimed the high artistry, fashion and style of Chrome Hearts' designs and the uniqueness of the designs. Publications such as Details, Elle, Flaunt, Maxim, FHM Interview, GQ, Complex, and Vogue have all featured Chrome Hearts® products.

19. Chrome Hearts is the owner of the CHROME HEARTS word mark, various design only marks, and composite trademarks comprising the CHROME HEARTS mark and design components, including in relevant part the following U.S. federal trademark registrations (collectively, the "Chrome Hearts Marks"):

| **Chrome Hearts' Mark** | **U.S. Reg. No.** | **Reg. Date** | **Goods/Services** |
|---|---|---|---|
|  **"CH Cross"** | 3,605,860 | 4/14/2009 | 014: Jewelry, namely, rings, earrings, pendants, necklaces, bracelets, cuff bracelets, cuff links, watch bracelets and key rings made of precious metals |
| | 3,605,854 | 04/14/2009 | 018: Bags, namely, handbags, shoulder bags, clutches, tote bags, wallets, back packs and luggage |

| Chrome Hearts' Mark | U.S. Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| **"CH Cross"** | 3,606,059 | 04/14/2009 | 025: Clothing, namely, tee shirts, shirts, tank tops, sweaters, sweat shirts, sweat pants, jeans, pants, jackets, coats and hats. |
| | 4,501,773 | 03/25/2014 | 026: Hair accessories, namely, hair pulls in the nature of hair bands, hair clips, hair bows, hair bands, headbands, hair pins, barrettes, ponytail holders, buttons and ribbons |
| **"CH Plus"** | 3,385,449 | 02/19/2008 | 014: Jewelry, namely, bracelets, rings, watch bands, necklaces and lighters made of precious metals |
| | 3,388,911 | 02/26/2008 | 025: Clothing, namely, tee shirts, shirts, tank tops, sweatshirts, sweat pants, sweaters and hats |
| | 3,784,780 | 05/04/2010 | 026: Hair accessories, namely, hair clips, barrettes, hair bands, buttons, hair pins and ribbons |

| Chrome Hearts' Mark | U.S. Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
|  **"Cemetery Cross Patch"** | 4,619,673 | 10/14/2014 | 018: Bags, namely, handbags, shoulder bags, back packs, messenger bags, clutches, duffle bags, evening bags, wallets and luggage |
| | 4,619,674 | 10/14/2014 | 025: Clothing, namely, tee shirts, shirts, tank tops, sweat shirts, sweat pants, vests, sweaters, jeans, pants, chaps, dresses, skirts, jackets, coats, underwear, swimwear, hats, socks, and footwear |
| | 4,619,672 | 10/14/2014 | 014: Jewelry, namely, rings, earrings, bracelets, necklaces, pendants, cuff links, cuff bracelets, tie fasteners, key rings made of precious metals, watch bracelets and brooches |

20. Attached hereto as **Exhibit A-C** are true and correct copies of the trademark registrations identified in paragraph 19 of this Complaint, which are incorporated herein by reference.

21. Most, if not all, of Chrome Hearts' products feature trademarks owned and federally registered by Chrome Hearts, including the Chrome Hearts

Marks. Chrome Hearts uses the Marks as source identifiers.

22. Chrome Hearts has always devoted substantial time, effort, and money to designing, developing, advertising, promoting, and marketing its products, and spends millions per year on advertising, promoting, and marketing the CHROME HEARTS® brand. Chrome Hearts advertises throughout the world, from social media to select high-end and artistic magazines. As a result of its efforts, Chrome Hearts has sold over a billion dollars' worth of goods, all bearing one or more of Chrome Hearts' federally registered trademarks, including the Chrome Hearts Marks.

23. Registrations for the Chrome Hearts Marks are valid, subsisting, and incontestable. Chrome Hearts was also able to obtain the trademark registrations for the Chrome Hearts Marks without proof of secondary meaning and thus they are inherently distinctive. Through longstanding use, advertising, and registration, the Chrome Hearts Marks have achieved a high degree of consumer recognition in the United States and the world over and constitute famous marks.

24. Chrome Hearts has continuously used the Chrome Hearts Marks in interstate commerce in connection with the sale, distribution, promotion, and advertising of its goods. Accordingly, Chrome Hearts has used the Chrome Hearts Marks as a source identifier on various goods, including jewelry, apparel, handbags, and hair accessories, for up to 37 years.

25. The Chrome Hearts Marks have come to identify, in the United States and throughout the world, high quality leather fashions, jewelry, apparel, and accessories designed and manufactured by Chrome Hearts. In turn, consumers have come to identify the Chrome Hearts Marks as being associated with and originating from Chrome Hearts.

26. Due to Chrome Hearts' long use, extensive sales, and significant advertising and promotional activities, the Chrome Hearts Marks have achieved

widespread acceptance and recognition amongst the consuming public and trade throughout the United States.

27. Chrome Hearts has achieved such fame as to be copied by others without authorization, including Defendants, as is the case with many other luxury brands. In the past five years, for example, Chrome Hearts has filed more than 100 lawsuits against defendants who infringed upon the Chrome Hearts Marks.

**B. Defendants' Infringing Conduct**

28. The present lawsuit arises from Defendants' manufacture, production, marketing, distribution, advertisement, offering for sale, and/or sale of products, including jewelry, apparel, handbags, and hair accessory products, that bear marks identical, substantially indistinguishable, or confusingly similar to one or more of the Chrome Hearts Marks ("the Accused Products"), exemplars of which are shown below:

**[Left Blank Intentionally]**


shopakira.com/products/im-chrome-duffel
FREE STANDARD SHIPPING ON ORDERS OF $75+ (excludes sale)
AKIRA
LOGIN
WHAT'S NEW SHOES CLOTHING SHOP BY EVENT DRESSES TOPS BOTTOMS JACKETS & COATS SANDALS ACCESSORIES SALE PRE-ORDER
Home / IM CHROME DUFFEL
Shop Similar
IM CHROME DUFFEL
$79.90 USD
No reviews yet
From $14/month or 0% interest with Klarna Check purchase power
SIZE: O/S
O/S
View Size Guide
ADD TO CART
Buy with shop
More payment options
Buy now and earn 79 AKIRA points with this product!
Check in-store availability
Description
Silver metallic cross duffel bag designed for travel days and standout streetwear, perfect for weekend getaways and airport looks. Crafted






shopakira.com/products/call-me-chrome-belt-bag
Facebook
YouTube
Amazon.com
eBay
Booking.com
Walmart.com
All Bookmarks
FREE STANDARD SHIPPING ON ORDERS OF $75+ (excludes sale)
AKIRA
LOGIN
WHAT'S NEW
SHOES
CLOTHING
SHOP BY EVENT
DRESSES
TOPS
BOTTOMS
JACKETS & COATS
SANDALS
ACCESSORIES
SALE
PRE-ORDER
Home / CALL ME CHROME BELT BAG
Shop Similar
CALL ME CHROME BELT BAG
$19.90 USD
(1)
4 payments at 0% interest with Klarna Check purchase power
SIZE: O/S
O/S
View Size Guide
1
ADD TO CART
Buy with shop
More payment options
Buy now and earn 19 AKIRA points with this product!
Check in-store availability
Description
This sleek black belt bag is crafted from smooth, structured faux leather and features a compact square silhouette with a magnetized
GET 15% OFF!
65°F
Sunny
Search
2:19 PM
6/26/2026






shopakira.com/products/everything-chrome-duffel-bag
FREE STANDARD SHIPPING ON ORDERS OF $75+ (excludes sale)
AKIRA
LOGIN
WHAT'S NEW SHOES CLOTHING SHOP BY EVENT DRESSES TOPS BOTTOMS JACKETS & COATS SANDALS ACCESSORIES SALE PRE-ORDER
Home / BLESSED DUFFEL BAG
Shop Similar
BLESSED DUFFEL BAG
$69.90 USD
No reviews yet
From $12/month or 0% interest with Klarna Check purchase power
SIZE: O/S
O/S
View Size Guide
ADD TO CART
Buy with shop
More payment options
Buy now and earn 69 AKIRA points with this product!
Check in-store availability
Description
Your overnight essentials just found their match. The AKIRA Label Everything Chrome Duffel Bag is crafted from sleek faux leather and
GET 15% OFF!








shopakira.com/products/get-it-fur-hair-clips
FREE STANDARD SHIPPING ON ORDERS OF $75+ (excludes sale)
AKIRA
LOGIN
WHAT'S NEW
SHOES
CLOTHING
SHOP BY EVENT
DRESSES
TOPS
BOTTOMS
JACKETS & COATS
SANDALS
ACCESSORIES
SALE
PRE-ORDER
Home / GET IT FUR HAIR CLIPS
Shop Similar
GET IT FUR HAIR CLIPS
$29.90 USD $14.95 USD
FINAL SALE
4 payments at 0% interest with Klarna Check purchase power
SIZE: O/S
O/S
View Size Guide
ADD TO CART
Buy with shop
More payment options
Buy now and earn 14 AKIRA points with this product!
Check in-store availability
Description
Plush pink faux fur hair clip set, a bold accessory choice for parties,
GET 15% OFF!











shopakira.com/collections/bottoms/products/dont-mess-with-me-relaxed-denim
FREE STANDARD SHIPPING ON ORDERS OF $75+ (excludes sale)
AKIRA
LOGIN
WHAT'S NEW
SHOES
CLOTHING
SHOP BY EVENT
DRESSES
TOPS
BOTTOMS
JACKETS & COATS
SANDALS
ACCESSORIES
SALE
PRE-ORDER
Home / Shop / WOMEN'S BOTTOMS / DONT MESS WITH ME RELAXED DENIM
Shop Similar
DONT MESS WITH ME RELAXED DENIM
$89.90 USD
(2)
From $16/month or 0% interest with Klarna Check purchase power
SIZE: XS
XS
S
M
L
XL
1X
2X
View Size Guide
ADD TO CART
Buy with shop
More payment options
Buy now and earn 89 AKIRA points with this product!
Check in-store availability
Description
Lace, rhinestone, and chain embellished grey wide leg jeans
designed for bold everyday wear, date night styling, and streetwear
GET 15% OFF!


















shopakira.com/products/crossed-out-distressed-zip-up-sweatshirt
FREE STANDARD SHIPPING ON ORDERS OF $75+ (excludes sale)
AKIRA
LOGIN
WHAT'S NEW SHOES CLOTHING SHOP BY EVENT DRESSES TOPS BOTTOMS JACKETS & COATS SANDALS ACCESSORIES SALE PRE-ORDER
Home / CROSSED OUT DISTRESSED ZIP UP SWEATSHIRT
Shop Similar
CROSSED OUT DISTRESSED ZIP UP SWEATSHIRT
$59.90 USD
SIZE: S
S M L XL 1X
View Size Guide
ADD TO CART
Buy with shop
More payment options
Buy now and earn 59 AKIRA points with this product!
Check in-store availability
Description
This distressed cropped zip-up sweatshirt is crafted from soft cotton
in a soft heather grey colorway and features an attached hood, long
GET 15% OFF!






shopakira.com/products/sin-city-cropped-moto
FREE STANDARD SHIPPING ON ORDERS OF $75+ (excludes sale)
AKIRA
LOGIN
WHAT'S NEW SHOES CLOTHING SHOP BY EVENT DRESSES TOPS BOTTOMS JACKETS & COATS SANDALS ACCESSORIES SALE PRE-ORDER
Home / SIN CITY CROPPED MOTO
SIN CITY CROPPED MOTO
$99.90 USD
(8)
From $17/month or 0% interest with Klarna Check purchase power
SIZE: L
S M L XL 1X
View Size Guide
ADD TO CART
Buy with shop
More payment options
Buy now and earn 99 AKIRA points with this product!
Check in-store availability
Description
Cropped black faux leather moto jacket with cross embroidery designed for statement styling, edgy streetwear looks, and
GET 15% OFF!






Shop Similar





***Examples of Accused Products***

29. Upon information and belief, Defendants are engaged in the promotion, marketing, advertisement, offer for sale, and/or sale of clothing, accessory, jewelry, and handbag products, including the Accused Products, through their website (www.shopakira.com) and Instagram (@shopakira), both of which are accessible to consumers throughout the United States, including those within this judicial district.

30. Upon information and belief, Defendants also sells products, including the Accused Products, through their brick-and-mortar retail stores throughout the United States, including but not limited to, New York, Michigan, Tennessee, Virginia, Pennsylvania, Massachusetts, Maryland, Indiana, Illinois,

Florida, and New Jersey.

31. Upon information and belief, through the aforementioned website, social media accounts, and related advertising, Defendants directly target consumers with the Accused Products, including those within this judicial district.

32. Upon information and belief, Defendants manufactured, distributed, offered for sale, sold, and shipped the Accused Products to consumers in this judicial district.

33. Upon information and belief, Defendants engaged in the above infringing activities with the knowledge that Plaintiff was a company with its principal place of business located in this judicial district

34. On approximately May 25, 2026, Chrome Hearts issued a take-down notice to Defendants for their advertisement, offer for sale, and/or sale of a product on TikTok called "All I See is Chrome Necklace", which infringed upon Chrome Hearts' copyright related to the CH Cross. Defendants were also provided with notice of Chrome Hearts' trademark rights in the CH Cross, Cemetery Cross Patch, and CH Plus by providing pictures of the same and a statement that such marks were registered with the U.S. Patent and Trademark Office. While the infringing advertisement was removed from TikTok, Defendants disregarded Chrome Hearts' intellectual property rights and continued to advertise, promote, offer for sale, and/or sale products infringing the Chrome Hearts Marks, including the Accused Products.

35. Upon information and belief, Defendants are continuing to design, develop, purchase, manufacture, distribute, advertise, offer for sale, and/or sell other products which infringe upon one or more Chrome Hearts Marks.

36. Chrome Hearts has not granted a license or given Defendants any form of permission to use intellectual property belonging to Chrome Hearts, including the Chrome Hearts Marks, in any way. Defendants used the Chrome

Hearts Marks on the Accused Products without Chrome Hearts' permission.

37. The Accused Products that Defendants sold and shipped to various consumers within this District are very likely cause confusion for consumers, including Plaintiff's customers, who, at the time of initial interest, sale, and/or in the post-sale setting are led to believe that the Accused Products are genuine goods originating from, associated with, and/or approved by Chrome Hearts due to the marks being identical, substantially indistinguishable, or confusingly similar to the Chrome Hearts Marks.

38. Upon information and belief, Defendants' unlawful acts have misled and confused, and were intended to cause confusion, or to cause mistake, or to deceive as to the origin, affiliation, or association of the Accused Products with Chrome Hearts, and the sponsorship or approval of the Accused Products by Chrome Hearts.

## FIRST CAUSE OF ACTION

### (Trademark Infringement and Counterfeiting Under the Lanham Act, 15 U.S.C. § 1114)

39. Plaintiff incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

40. This is an action for trademark infringement and/or counterfeiting against Defendants' under 15 U.S.C. § 1114 based on their use of spurious and identical or substantially distinguishable (i.e., counterfeit), or confusingly similar (i.e., non-counterfeit), marks to the Chrome Hearts Marks in commerce, in connection with Defendants' promotion, distribution, manufacturing, offer for sale, sale, marketing, and/or advertising of the Accused Products.

41. The Chrome Hearts Marks are nationally recognized, including within the Southern District of New York, as being affixed to goods and merchandise of the highest quality, with Chrome Hearts being the exclusive

source of all such products.

42. The specific U.S. registrations to the Chrome Hearts Marks identified herein are in full force and effect, and each one has been in continuous use since their respective first dates of use. Indeed the specific U.S. registrations identified in paragraph 19 are incontestable by virtue of their registrations and continuous use in commerce for more than five years.

43. The Accused Products bear counterfeit marks that are identical or substantially indistinguishable to the Chrome Hearts Marks based on how the marks appear in the marketplace to a consumer. The marks on the Accused Products are spurious because Chrome Hearts has purchased and examined the marks and confirmed they are inauthentic. Due to the identical or substantially indistinguishable appearance of the marks compared to the Chrome Hearts Marks, consumers are likely to be confused, mistaken, or deceived, as to the origin of the marks on the Accused Products.

44. The Accused Products bear marks that are confusingly similar to the Chrome Hearts Marks based on how the marks appear in the marketplace to a consumer such that it is likely to cause confusion, mistake, or deception as to the origin of the marks on the Accused Products.

45. The identical or substantially indistinguishable or confusingly similar marks on the Accused Products are likely to lead to and result in consumers believing that Chrome Hearts produced, sponsored, authorized, licensed, or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Chrome Hearts.

46. Defendants' promotion, marketing, advertising, offering for sale, selling, manufacturing, and/or distribution of the Accused Products and marks within is without Chrome Hearts' permission or authority and in total disregard of Chrome Hearts' rights to control its intellectual property.

47. Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure Chrome Hearts and reap the benefit of Chrome Hearts' goodwill associated with the Chrome Hearts Marks.

48. As a direct and proximate result of Defendants' infringing conduct, Chrome Hearts has been injured and will continue to suffer injury to its business and reputation unless Defendants are enjoined by this Court from advertising, selling, and offering for sale products bearing the Chrome Hearts Marks that are not in fact authentic Chrome Hearts® products.

49. Chrome Hearts has no adequate remedy at law.

50. In light of the foregoing, Chrome Hearts is entitled to injunctive relief prohibiting Defendants from using any of the Chrome Hearts Marks, and/or any marks identical, substantially indistinguishable, or confusingly similar thereto, and to recover from Defendants all damages, including attorneys' fees, that Chrome Hearts has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, attorneys' fees and treble damages, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a)-(b), and/or statutory damages pursuant to15 U.S.C § 1117(c).

## SECOND CAUSE OF ACTION

### (False Designation of Origin and False Descriptions – 15 U.S.C. § 1125(a))

51. Chrome Hearts incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

52. Defendants' unauthorized use of marks identical or substantially indistinguishable or confusingly similar to the Chrome Hearts Marks on its merchandise, in interstate commerce and advertising relating to same, constitutes false designation of origin and a false representation that the goods are

manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Chrome Hearts or come from the same source as Chrome Hearts' goods when they in fact do not.

53. Defendants' use of the Chrome Hearts Marks is without Chrome Hearts' permission or authority and in total disregard of Chrome Hearts' rights to control its trademarks.

54. Defendants' activities are likely to lead to and result in confusion, mistake, or deception, and are likely to cause the public to believe that Chrome Hearts has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Chrome Hearts.

55. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

56. In light of the foregoing, Chrome Hearts is entitled to injunctive relief prohibiting Defendants from using any of the Chrome Hearts Marks, and/or any marks identical, substantially indistinguishable, or confusingly similar thereto, and to recover from Defendants all damages, including attorneys' fees, that Chrome Hearts has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, attorneys' fees and treble damages, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a)-(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## <u>THIRD CAUSE OF ACTION</u>

### (Unfair Competition Under New York Common Law)

57. Plaintiff incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

58. The Chrome Hearts Marks are strong and distinctive marks that have been in use for up to 37 years and have achieved enormous and widespread public recognition.

59. Through prominent, long, and continuous use in commerce, the Chrome Hearts Marks have become and continue to be famous and distinctive in the State of New York.

60. Defendants' misappropriation of the Chrome Hearts Marks was intended to capitalize on Chrome Hearts' goodwill for Defendant's own pecuniary gain.

61. Defendants' unauthorized use of the Chrome Hearts Marks dilutes the distinctive quality of the Chrome Hearts Marks and decreases the capacity of such marks to identify and distinguish Chrome Hearts' products and has caused a likelihood of harm to Chrome Hearts' business reputation.

62. By the acts described above, Defendants have caused and will continue to cause irreparable injury to Chrome Hearts' goodwill and business reputation, in violation of Cal. Bus. & Prof. Code § 17200 et seq.

63. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

64. Defendants are liable to Chrome Hearts for all damages, whether direct or indirect, for the misappropriation of Chrome Hearts' trademarks, reputation and goodwill, which damages are subject to trebling.

65. Upon information and belief, Defendants will continue their infringing acts unless restrained by this Court.

66. Defendants' acts have damaged and will continue to damage Chrome Hearts, and Chrome Hearts has no adequate remedy at law.

67. In light of the foregoing, Chrome Hearts is entitled to all available relief provided for in New York Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, et. seq. including permanent injunctive relief, restitution, and attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**

**(Trademark Infringement Under New York Common Law)**

68. Chrome Hearts incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

69. Chrome Hearts owns and enjoys common law trademark rights to the Chrome Hearts Marks in New York and throughout the United States.

70. Defendants' misappropriation of Chrome Hearts' common law trademarks was intended to capitalize on Chrome Hearts' goodwill for Defendants' own pecuniary gain. Chrome Hearts has expended substantial time, resources, and effort to obtain an excellent reputation for itself and its family of Marks. As a result of Chrome Hearts' efforts, Defendants are now unjustly enriched and are benefiting from property rights that rightfully belong to Chrome Hearts.

71. Defendants' unauthorized use of the Chrome Hearts Marks has caused and is likely to cause confusion as to the source of Defendants' products due to the marks appearing identical, substantially indistinguishable, or confusingly similar to the Chrome Hearts Marks, all to the detriment of Chrome Hearts.

72. Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Chrome Hearts.

73. Defendants' acts constitute unfair competition under New York common law.

74. Chrome Hearts has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' infringing conduct unless it is enjoined by this Court.

75. The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Chrome Hearts in reckless disregard of Chrome Hearts' rights. Said conduct was despicable and harmful to Chrome Hearts and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendants and to deter them from similar such conduct in the future.

76. In light of the foregoing, Chrome Hearts is entitled to injunctive relief prohibiting Defendants from using the Chrome Hearts Marks to recover all damages, including attorneys' fees, that Chrome Hearts has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Chrome Hearts respectfully prays that this Court enter judgment in its favor and against Defendants as follows:

1. Entry of an ORDER granting temporary, preliminary, and permanent injunctive relief restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

   a. manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling Accused Products and/or any other products that bear the Chrome Hearts Marks, or any other marks identical, substantially indistinguishable, or confusingly similar thereto;

b. engaging in any other activity constituting unfair competition with Chrome Hearts, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Chrome Hearts;

c. committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Chrome Hearts;

2. Entry of an ORDER directing Defendants to recall from any distributors and retailers and to deliver to Chrome Hearts for destruction, or other disposition, all remaining inventory of the Accused Products, in addition to any other goods that infringe upon Chrome Hearts' rights to the Chrome Hearts Marks, including all advertisements, promotional and marketing materials therefore, as well as means of making same in their possession or under their control;

3. Entry of an ORDER directing Defendants to disclose their supplier(s) and manufacturer(s) of the Accused Products and provide all documents, correspondence, receipts, and invoices associated with the purchase of the Accused Products;

4. Entry of an ORDER directing Defendants to file with this Court and serve on Chrome Hearts within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

5. Entry of an ORDER for an accounting by Defendants of all gains, profits, and/or advantages derived from their infringing acts pursuant to 15 U.S.C. § 1117(a);

6. An award of all profits that Defendants have derived from using the Chrome Hearts Marks, trebled, as well as costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act; alternatively, an award of statutory damages pursuant to 15 U.S.C. § 1117 up to $2 million per trademark counterfeited and infringed, per type of good;

7. An award of enhanced damages due to Defendants' willful infringement;

8. An award of applicable interest amounts, costs, disbursements, and/or attorneys' fees, as an exceptional case under 15 U.S.C. § 1117 or otherwise;

9. An award of Plaintiff's actual damages

10. An award of fees and punitive damages to the full extent available in connection with Chrome Hearts' claims under New York law; and

11. Any such other relief that may be just and proper.

Dated: September 15, 2026 BLAKELY LAW GROUP

By: */s/ Brent H. Blakely*___________

Brent H. Blakely (BB1966)
Alexandra Licitra (6196273)
247 Water St., Unit #1
New York, NY 11201
Telephone: 310-546-7400
***Attorneys for Plaintiff***
***Chrome Hearts LLC***

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Chrome Hearts LLC hereby demands a trial by jury as to all claims in this litigation.

Dated: September 15, 2026

BLAKELY LAW GROUP

By: */s/ Brent H. Blakely*

Brent H. Blakely (BB1966)
Alexandra Licitra (6196273)
247 Water St., Unit #1
New York, NY 11201
Telephone: 310-546-7400
***Attorneys for Plaintiff***
***Chrome Hearts LLC***